UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| M.Y., | Case No. 24-cv-00563 (ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Leland Dudek,<br>Acting Commissioner<br>of Social Security Administration, | |
| Defendant. | |

---

This matter came before the Court on Plaintiff's Motion for Attorney Fees – Application for an Award of Fees Under the Equal Access to Justice Act (Dkt. 17); and the parties' joint Stipulation for EAJA Fees (Dkt. 24). The parties have stipulated to an award of $7,905.00 in attorney's fees and no costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons discussed below, the Stipulation and Plaintiff's Motion (to the extent consistent with the Stipulation) are granted.

## I.   BACKGROUND

On February 22, 2024, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying her application for Supplemental Security Income and Disability Insurance Benefits. (Dkt. 1.) On March 3, 2025, this Court remanded this case back to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) based on the joint stipulation of the parties. (Dkt. 13.)

## II.   ANALYSIS

### A.   Legal Standard

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). Congress has provided for limited exceptions to the general rule. *Id*. The EAJA is one of those exceptions. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

> Under the EAJA:
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). Any attorney's fees awarded under the EAJA must be reasonable. 28 U.S.C. § 2412(b).

Attorney's fees are not to be awarded under the EAJA merely because the Government lost the case. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted). However, Plaintiff is entitled to fees unless the Government's position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The Government bears the burden of proving substantial justification for its position in the litigation. *Id.* Here, the Government has not argued that its position was substantially justified, and has come to an agreement with Plaintiff as to the amount of the award. (*See* Dkt. 24.) Although Defendant does not object to the amount of fees, the Court must still examine it for reasonableness. *See* 28 U.S.C. § 2412(d)(2)(A) (stating "fees and other expenses" includes, inter alia, "reasonable attorney fees.").

B.   **Reasonableness of Fees and Costs**

Plaintiff requested in her Motion attorney's fees at an hourly rate of $249 for 36.7 hours of work performed in 2024 through 2025, for a total of $8,964. (Dkt. 18 ¶¶ 9, 11.) Plaintiff's counsel asserts that the billing rate of $249 is consistent with the increase of the cost of living since March 29, 1996. (*Id.* ¶ 11.) The stipulated amount of $7,905.00 for 36.7 hours results in an hourly rate of $215.40.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has concluded that this language means "that 'the district court may, upon proper proof, increase the . . . rate for attorney's fees to reflect the increase in the cost of living . . . .'" *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d

3

1333, 1336 (8th Cir. 1988) (citations omitted)). The Consumer Price Index ("CPI") constitutes "'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]." *Id*. (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted). The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place. *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004). The hourly rate of $215.40 is largely consistent with application of the Urban CPI in February 2024, when counsel began work on Plaintiff's behalf: $125 (statutory rate) × 310.326 (February 2024 CPI-U) / 155.7 = $249.00. *See* https://data.bls.gov/timeseries/CUUR0000SA0?years_option=all_years (last visited April 29, 2025).

The Court has reviewed all itemized time records for the work performed in this case and finds that the 36.7 hours billed, and the legal work performed, are not excessive or unreasonable. Courts routinely grant motions requesting reimbursement for a similar number of hours. *See*, *e.g*., *Dianna L. B. v. Saul*, No. 19-CV-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) ("Awards just outside of [20 to 40 hours] are also not uncommon.") (collecting cases).

C.   **Conclusion**

Based on the above, and the parties' Stipulation, the Court will award the following reasonable attorney's fees to Plaintiff: $7,905.00 in attorney's fees and no costs.

### III.   ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Motion for Attorney Fees – Application for an Award of Fees Under the Equal Access to Justice Act (Dkt. 17); and the parties' joint Stipulation for EAJA Fees (Dkt. 24) are **GRANTED** as follows: Plaintiff is **AWARDED** $7,905.00 for reasonable attorney's fees under the EAJA.

2. In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award is payable to Plaintiff as the litigant and subject to offset to satisfy any pre-existing debts that the litigant may owe to the United States.

3. Defendant shall send the EAJA payment in Plaintiff's name, after any required offset, to Plaintiff's counsel at the office of Livgard & Lloyd PLLP.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 29, 2025                          *s/ Elizabeth Cowan Wright*
                                               ELIZABETH COWAN WRIGHT
                                               United States Magistrate Judge